## ANGULO v. SUNOL et al.

In suit by a female against two partners in a ranch, for services as servant to the firm, under an implied contract, as on a *quantum meruit*, proof that plaintiff is the wife of one defendant is good under the general issue, as showing that there was no implied contract to pay for the services.

From domestic service rendered in such case by the wife of one partner, all living in the same house, the law does not imply a contract to pay for the service.

APPEAL from the Fifth District.

The complaint was verified, and consisted of three allegations. 1. That plaintiff, between July, 1850, and July, 1858, "performed for defendants, and at their request, thirty-six months' work, labor, and services." 2. That defendants agreed to pay for said work, labor, and services, what the same were reasonably worth. 3. That defendants have paid on account of said work, labor, and services, three hundred dollars, and that the balance now due plaintiff is nine hundred and sixty dollars.

Lorenzo Sunol alone being served with process, answered, denying specifically and fully, each and every allegation in the complaint, and averring that plaintiff never performed any work for the defendants, or either of them.

Plaintiff had judgment; defendant appeals.

*Thos. Sunderland,* for Appellant.

*Robinson, Beatty & Heacock,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This suit was brought by the plaintiff, a female, against Lorenzo and Juan Sunol, who are alleged to be partners. The suit is brought to recover a sum of money due the plaintiff as a servant, to the firm, under an implied contract, as on a *quantum meruit.* In the course of the trial, it was proposed to prove by a witness that the plaintiff was the wife of Juan Sunol, one of the defendants in the writ, though not served with process.

The refusal to permit this proof is assigned for error.

We think the assignment good. The implication of indebtedness and of a contract to pay for the services of plaintiff, results from her being employed to render them. Anything which re-

buts the idea of a contract, express or implied, is proper evidence, under the pleadings in such a case.   If the plaintiff was the wife of one of the partners and living in the same house, though she might render domestic service for both, this implication would not arise.   Whatever claim her husband might have for such services—if he could make any—it is not very easy to see how the wife could make a claim against her husband and his brother on this score; for the law does not presume from the rendering of the wife's services in such cases, that a contract has been made by her with her husband, either alone or when associated in business with another, to pay her for the services; and it is upon such a presumption that the plaintiff rests for a recovery here.

It was not necessary for the defendant to set this defense up in the answer, for the general denial of the contract authorizes the introduction of such proof as shows that no such contract was made.

For this error the judgment is reversed and cause remanded.